```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JAMES BLOUNT,                                                 :
                                                              :
                        Plaintiff,                            :
                                                              :
v.                                                            :   OPINION AND ORDER
                                                              :
COUNTY OF WESTCHESTER and                                     :   20 CV 1567 (VB)
WESTCHESTER COUNTY DEPARTMENT                                 :
OF CORRECTION,[1]                                             :
                                                              :
                        Defendants.                           :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff James Blount brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., against defendants the County of Westchester (the "County") and the Westchester County Department of Correction ("WCDOC"), claiming he was terminated from his job as a correction officer because he was disabled.

Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #18).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

In April 2017, plaintiff began working for defendants as a correction officer in WCDOC's correctional facility in Valhalla, New York.

---

[1] Incorrectly sued herein as Westchester County Department of "Corrections."

1

Plaintiff claims he was diagnosed with pneumonia in December 2017. He allegedly recovered and returned to work but had difficulty breathing and experienced physical fatigue. Soon thereafter, plaintiff claims he was diagnosed with hypercholesteremia, hypertension, and an enlarged left ventricle in his heart. Plaintiff alleges he required ongoing medical treatment for these conditions, which necessitated that he frequently call out sick.

Around March 2018, plaintiff allegedly was told he was running out of sick time and should try to return to work with restrictions. Plaintiff says he reported to work with a "return to work slip with restrictions," but his supervisor instructed him to leave and change the restrictions. (Doc. #15 ¶ 3). Plaintiff did as he was instructed and was cleared to return to work on the night shift.

On March 28, 2018, the day plaintiff intended to return to work, plaintiff's supervisors allegedly told him he could no longer work at WCDOC because of his health issues. Plaintiff claims he was given two options: either immediately sign a letter of resignation or be fired. Allegedly fearing that being fired would prevent him from securing future employment with the County, plaintiff elected to write a letter of resignation. Plaintiff claims he was instructed to include in the letter that he was resigning due to his health. Plaintiff says he complied and was told to leave the correctional facility.

On June 7, 2018, plaintiff filed a notice of claim with the County pursuant to New York General Municipal Law ("GML") § 50-e and New York County Law § 52.

According to plaintiff, on July 3, 2018, he received notification of the County's demand for an investigatory hearing pursuant to GML § 50-h (the "50-h Hearing"). The 50-h Hearing was initially scheduled for October 1, 2018, but upon plaintiff's request, was adjourned to October 19, 2018. Plaintiff asserts that four days before the first adjourned return date, the

County requested the 50-h Hearing be adjourned to November 26, 2018. Due to additional scheduling conflicts, the hearing was scheduled for and conducted on December 7, 2018. Plaintiff alleges he received the 50-h Hearing transcript on or around January 10, 2019.

On February 19, 2019, plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR"), which, pursuant to a work-sharing agreement, was forwarded to and filed with the Equal Employment Opportunity Commission ("EEOC"). (Doc. #19-2).[2] The charge included allegations under the ADA and the New York State Human Rights Law ("NYSHRL"). On August 16, 2019, the NYSDHR issued a determination and order finding plaintiff's claim lacked probable cause. (Doc. #19-4).

On December 26, 2019, the EEOC adopted the NYSDHR's findings and issued plaintiff a right-to-sue letter. (Doc. #19-6). On February 21, 2020, he commenced this action, initially suing only WCDOC. After WCDOC moved to dismiss, plaintiff filed an amended complaint adding the County as a defendant. The instant motion followed.

## DISCUSSION

I.   Rule 12(b)(6) Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v.

---

[2]   The Court takes judicial notice of public records relating to the filing and dismissal of plaintiff's EEOC charge, which defendants attached to their motion papers. The public records of the administrative body are related to plaintiff's claims here. See Percy v. New York (Hudson Valley DDSO), 264 F. Supp. 3d 574, 586 n.8 (S.D.N.Y. 2017) ("Because plaintiff's EEOC Charge is 'a public document filed in an administrative proceeding, and is integral to plaintiff's [discrimination] claims, the charge, together with the documents accompanying the charge filed in the EEOC proceeding, are also properly considered on' a motion to dismiss.") (quoting Morris v. Broadridge Fin. Servs., Inc., 2010 WL 5187669, at *3 n.2 (E.D.N.Y. Dec. 14, 2010)).

Iqbal, 556 U.S. 662, 679 (2009).[3]  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

A court assessing a Rule 12(b)(6) motion may "consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  Courts also may consider documents deemed "integral" to the complaint, id., and any matters subject to judicial notice, Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

II.   Timeliness of Plaintiff's Complaint

Defendants argue plaintiff's claims under the ADA are time-barred and must be dismissed.

---

[3]  Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

The Court agrees.

"[T]o bring a lawsuit alleging an unlawful employment decision under Title I of the ADA—which prohibits employers from discriminating against disabled employees—a plaintiff must first file a timely charge with the [EEOC]." Parker v. Citizen's Bank, N.A., 2019 WL 5569680, at *5 n.8 (S.D.N.Y. Oct. 29, 2019). "A federal employment discrimination claim is time-barred unless the plaintiff first files an EEOC charge within 180 days of the alleged discrimination, or within 300 days if the plaintiff had already filed a charge with the state or local employment agency." Thomson v. Odyssey House, 2015 WL 5561209, at *6 (E.D.N.Y. Sept. 21, 2015), aff'd, 652 F. App'x 44 (2d Cir. 2016) (summary order) (citing 42 U.S.C. § 2000e–5(e)(1)). "A wrongful termination claim accrues on the date the parties understand the termination to be final." Id. at *8 (citing Arias–Mieses v. CSX Transp., Inc., 630 F. Supp. 2d 328, 332 (S.D.N.Y. 2009)).

Plaintiff dual-filed his charge with the NYSDHR and EEOC on February 19, 2019. Thus, the 300-day period covered by this charge extends back to April 25, 2018. However, the conduct underlying plaintiff's grievance occurred on March 28, 2018, the day he was terminated. He does not allege that any conduct giving rise to his claims occurred after that date. Therefore, plaintiff's time to file his charge with the EEOC expired on January 22, 2019.

Since plaintiff's EEOC charge was filed on February 19, 2019, his claims are untimely.

A.  Equitable Tolling During the Pendency of New York State Notice-of-Claim Procedure

Plaintiff does not dispute that his claims are untimely. Rather, he argues the doctrine of equitable tolling applies to his charge filed with the EEOC.

The Court disagrees.

Equitable tolling applies when "extraordinary circumstances prevented a party from timely performing a required act," and "the party acted with reasonable diligence throughout the period he [seeks] to toll." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005). "A plaintiff bears the burden of demonstrating that he or she is entitled to equitable tolling." Wen Liu v. Mount Sinai School of Medicine, 2012 WL 4561003, at *4 (S.D.N.Y. Sept. 24, 2012) (citing Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)).

Here, plaintiff presents no compelling reason why his time to file his EEOC charge should be tolled. Plaintiff argues New York's notice of claim procedure prevented him from timely filing his claim with the EEOC. Specifically, he contends he could not file his charge until the County conducted the 50-h Hearing.

Plaintiff is wrong. GML § 50-e requires that as a condition precedent to bringing certain claims against a public corporation, an aggrieved party first file a notice of claim with the municipality within 90 days after the claim arises. Once a claimant files a notice of claim, the municipality has the right to conduct an investigatory hearing pursuant to GML § 50-h before the claimant may initiate an action. Johnson v. City of New York, 2019 WL 294796, at *14 (S.D.N.Y. Jan. 23, 2019) (citing GML §50-h(5)). However, compliance with Section 50-e is not a prerequisite to filing a charge with the EEOC or NYSDHR. See Langella v. Mahopac Central School District, 2020 WL 2836760, at *3 (S.D.N.Y. May 31, 2020) (plaintiff filed administrative charge with EEOC and NYSDHR before filing a notice of claim and before the 50-h Hearing). Thus, plaintiff's argument that he would have risked dismissal of his NYSHRL claims if he had dual-filed his charge with the NYSDHR and EEOC prior to the 50-h Hearing lacks merit.

Plaintiff also fails to demonstrate extraordinary circumstances prevented him from timely filing his charge with the EEOC. Plaintiff argues his mistaken belief that he had to comply with

the notice of claim procedure is akin to filing a lawsuit in an incorrect forum and thus constitutes an extraordinary circumstance. The Court is not persuaded. To equate plaintiff's failure to timely file his charge with filing in the wrong forum would contravene the well-established principle that ignorance of the relevant limitations period does not toll the 300-day time-period. See Francis v. The Blaikie Group, 372 F. Supp. 2d 741, 748 (S.D.N.Y. 2005) ("Neither [plaintiff's] ignorance of her ability to file a charge with the EEOC nor her attorney's alleged failure to return her documents is a sufficient basis for tolling the limitation period.").

Nor is the Court persuaded by plaintiff's argument that the parties, facts, and timing of the case raise this action to an "extraordinary situation" worthy of equitable tolling. The facts in this case fall far short of the extraordinary circumstances necessary to warrant equitable tolling of an ADA claim. Although plaintiff and the County both requested adjournments of the 50-h Hearing, as discussed above, the hearing had no effect on plaintiff's ability to file a charge with the EEOC. Plaintiff's failure to timely file is nothing more than a garden variety deadline miscalculation and does not rise to the level of an extraordinary circumstance. See Dillon v. Conway, 642 F.3d 358, 364 (2d Cir. 2011).

Accordingly, plaintiff's claims are time-barred.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the pending motion (Doc. #18) and close this case.

Dated: November 30, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge